# IN THE UNITED STATES BANKRUPTCY COURT
## IN THE EASTERN DISTRICT OF TENNESSEE
### Chattanooga

| | |
|---|---|
| **In re:** <br><br> **JAMES MOORE,** <br><br> **Debtor.** | **Bankruptcy Case No. 13-11325** |
| **JAMES MOORE,** <br><br> **Plaintiff,** <br><br> **vs.** <br><br> **COMENITY CAPITAL BANK** <br> **and** <br> **QUATUM 3 GROUP AS AGENT FOR COMENITY CAPITAL BANK** <br><br> **Defendants.** | **Adversary Proceeding: 14-01011** <br><br><br> **Chapter 13** |

## **DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COMES NOW, Comenity Capital Bank and Qunatum3 Group, LLC, its bankruptcy servicing agent (hereinafter jointly "Defendants") and respectfully request that, pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure and Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Honorable Court dismiss Plaintiff's Complaint. Rule 7012 of the Federal Rules of Bankruptcy Procedure provides for the application of Rules 12(b)-(i) of the Federal Rules of Civil Procedure when seeking a dismissal in an adversarial proceeding. Fed. R. Bankr. P. 7012(b).

Plaintiff's Complaint asserts a private cause of action based on the manner and the substance in which Defendants filed a proof of claim in the Plaintiff's bankruptcy case. The Plaintiff alleged that the Defendant's act of filing a proof of claim in a bankruptcy case against the estate on a debt that has been previously discharged in bankruptcy is a violation of the discharge injunction, as it is an attempt to collect a debt. The Complaint requests actual and punitive damages, award of costs, and reasonable attorney's fees to Plaintiff.

In the Sixth Circuit there is no private, civil cause of action under 11 USC § 524 for violation of the discharge injunction or based upon the allegation of the filing of a false proof of claim. *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 422-23 (6th Cir. 2000); *Yancey v. CitiFinancial, Inc.*, 301 B.R. 861 (Bankr. W.D. Tenn. 2003). Instead, "when a violation of the discharge injunction does occur, a debtor's sole avenue of recourse – and the one for which is the traditional remedy for a violation of a court order – is to bring an action against the creditor for contempt." *In re Perviz*, 302 B.R. 357, 370 (Bankr. N.D. Ohio 2003); *In re Williams*, 291 B.R. 445, 452 (Bankr. E.D. Tenn. 2003).

Procedurally, a contempt action in a bankruptcy case is a contested matter initiated by filing a motion, not an adversary proceeding. *See* Fed. R. Bankr. P. 9020 (citing "Rule 9012 governs a motion for contempt . . ."). However, arguendo, assuming that the entire Complaint is really a contempt motion under § 105(a) and Rule 9012 seeking to enforce § 524, and not an adversary proceeding, the filing of a proof of claim in a bankruptcy estate is not an attempt to collect a debt or a collection action against the Plaintiff that would constitute a violation under § 524. Therefore, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully requests this Honorable Court to dismiss Plaintiff's Complaint with prejudice, award costs in favor of Defendants, and relief the Court deems just and proper.

Respectfully submitted,

/s/ Victoria A. Ferraro
Victoria A. Ferraro (020707)
Prochaska Quinn & Ferraro, P.C.
401 Church Street, Suite 2600
Nashville, TN 37219
Telephone: (615) 242-0060
Facsimile: (615) 242-0124
Email: victoriaferraro@pqflegal.com
Attorneys for Comenity Capital Bank and Qunatum3 Group, LLC, its bankruptcy servicing agent

## CERTIFICATE OF SERVICE

I certify that the foregoing has been served on all interested parties as listed below by depositing same in the U.S. Mail, postage prepaid, and/or by electronic mail this the 19th day of March, 2014.

**Trustee:**

C. Kenneth Still
Chapter 13 Trustee
P. O. Box 511
Chattanooga, TN 37401

**Attorney for Debtors:**

Richard L Banks
Richard Banks & Associates, P.C.
393 Broad Street NW
P. O. Box 1515
Cleveland, TN 37311

/s/ Victoria A. Ferraro
Victoria A. Ferraro