# IN THE UNITED STATES BANKRUPTCY COURT
## IN THE EASTERN DISTRICT OF TENNESSEE
### Chattanooga

| | |
|---|---|
| In re: <br><br> **JAMES MOORE,** <br><br> Debtor. | **Bankruptcy Case No. 13-11325** <br><br> **Chapter 13** |
| **JAMES MOORE,** <br><br> Plaintiff, <br><br> vs. <br><br> **COMENITY CAPITAL BANK** <br> and <br> **QUATUM 3 GROUP AS AGENT FOR COMENITY CAPITAL BANK** <br><br> Defendant. | **Adversary Proceeding: 14-01011** |

## DEFENDANTS' BRIEF IN SUPPORT OF
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COME NOW, Comenity Capital Bank and Qunatum3 Group, LLC, its bankruptcy servicing agent (hereinafter jointly "Defendants"), and respectfully submits this Brief in support of the request for the Honorable Court to dismiss Plaintiff's Complaint pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure and Rule 12(b)(6) of the Federal Rules of Civil Procedure for the failure to state a claim upon which relief can be granted. Rule 7012 of the Federal Rules of Bankruptcy Procedure provides for the application of Rules 12(b)-(i) of the

Federal Rules of Civil Procedure when seeking a dismissal in an adversarial proceeding. Fed. R. Bankr. P. 7012(b).

## STATEMENT OF FACTS

1. The facts alleged by the Plaintiff are fairly simple. Plaintiff alleges he filed a prior Chapter 13 bankruptcy case on June 9, 2006 and received a discharge on August 29, 2011. The underlying debt was included in the bankruptcy discharge. Plaintiff then filed his current Chapter 13 bankruptcy case on March 18, 2013. Defendants filed a proof of claim in the present case for a debt that was included in the prior bankruptcy case. Plaintiff has not claimed that, besides filing a proof of claim, Defendants have taken any other action before or during the instant bankruptcy case which violates the discharge injunction.

2. Prior to the filing of the Complaint, Plaintiff objected to the claim at issue in April 2013 under 11 U.S.C. § 502(b)(1), as previously discharged and unenforceable with sole request for claim disallowance. Defendants did not oppose the objection to claim or claim disallowance. On June 7, 2013, the Court entered an Order disallowing the claim only. It is undisputed that Plaintiff never contacted Defendants to request claim withdrawal or notify Defendants of the prior bankruptcy discharge before either objecting to the claim or filing this Complaint.

3. Since the facts are not in dispute, the only issues before the Court are:

a. whether filing a proof of claim in the present bankruptcy case is an attempt to collect a debt;

b. whether filing a proof of claim in the present bankruptcy case is a violation of the discharge injunction entered in the previous bankruptcy case, entitling Plaintiff to a private cause of action or subjecting Defendants to a claim of contempt; and

      c.      Whether filing such a claim is a "wrongful" entitling Plaintiff to a private cause of action or subjecting Defendants to a claim of contempt.

## STANDARD OF REVIEW

Rule 7012 of the Federal Rules of Bankruptcy Procedure provides for the application of Rules 12(b)-(i) of the Federal Rules of Civil Procedure when seeking a dismissal in an adversarial proceeding. Fed. R. Bankr. P. 7012(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a motion to dismiss all or some of the claims in a complaint on the ground that its allegations fail to state a claim upon which relief can be granted. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (holding that a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the Complaint).

The court assumes the factual allegations in the complaint are true and gives the plaintiff the benefit of all reasonable factual inferences. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id; see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Defendants do not dispute that the only activity is the filing of a proof of claim for a credit card debt or that the debt was included in the prior bankruptcy filing. The issues before the Court are solely issues of law, to which the Plaintiff has no claims for relief under existing law.

## LEGAL ARGUMENT

**I.     There is no Private Cause of Action for an Alleged Violation of the Discharge Injunction of 11 USC § 524.**

In the Sixth Circuit there is no private, civil cause of action under 11 USC § 524, concerning the violation of discharge injunction. *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 422-23 (6th Cir. 2000). Instead, "when a violation of the discharge injunction does occur, a debtor's sole avenue of recourse – and the one for which is the traditional remedy for a violation of a court order – is to bring an action against the creditor for contempt." *In re Perviz*, 302 B.R. 357, 370 (Bankr. N.D. Ohio 2003); *In re Williams*, 291 B.R. 445, 452 (Bankr. E.D. Tenn. 2003).

The Sixth Circuit Court of Appeals evaluated whether an implied right of action exists under 11 U.S.C. § 524, and, alternatively, whether § 524 is enforceable *via* the provisions of § 105. *See Pertuso* at 421. The *Pertuso* court noted that the "obvious purpose [of subsection 524(a)(2)] is to enjoin the proscribed conduct—and the traditional remedy for violation of an injunction lies in contempt proceedings, not in a lawsuit such as this one." *Id* at 421. Therefore, in light of *Pertuso*, Plaintiff's attempt to recover damages by way of a private right of action, as the Plaintiff seeks herein, is not permitted.

Procedurally, a contempt action in a bankruptcy case is a contested matter initiated by filing a motion, not an adversary proceeding. *See* Fed. R. Bankr. P. 9020 (citing "Rule 9012 governs a motion for contempt . . ."). However, arguendo, assuming that the entire Complaint is really a contempt motion under § 105(a) and Rule 9012 seeking to enforce § 524, and not an adversary proceeding, the filing of a proof of claim in a bankruptcy estate is not an attempt to collect a debt or a collection action against the Plaintiff that would constitute a violation under § 524.

    II.    <u>Filing a Proof of Claim Cannot Violate the Automatic Stay Because the Bankruptcy Code Specifically Authorizes the Filing of Disputed or Unenforceable Debts.</u>

The automatic stay under 11 USC § 362(a)(1) and (6) prohibits creditor to "recover a claim against a debtor that arose before the commencement of the case . . " and "collect, assess, or recover a claim against the debtor that arise before the commencement of the case." Filing a proof of claim cannot be an attempt to collect a debt since the 11 USC §362 prohibits any collection activities and 11 USC § 501 permits the filing of claims on debts that maybe disputed or unenforceable.

The automatic stay terminates once the bankruptcy case closes and the discharge injunction begins. *See* 11 USC § 362(c)(2)(C); *compare* 11 USC §523. The discharge injunction under 11 USC § 524(a)(2) "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." The automatic stay is broader than the discharge injunction, while the discharge injunction only applies if the collection/act is against the debtor personally.

As a general rule, the automatic stay and subsequent discharge injunction does not operate against the court with jurisdiction over the bankruptcy case. This means that actions that are specifically permitted under the Bankruptcy Code do not violate the automatic stay or discharge injunction. Many courts have held that activities within a bankruptcy case cannot violate the automatic stay, which would not violate the discharge injunction. *See In re Bell & Beckwith*, 50 B.R. 422, 429 (Bankr. N.D. Ohio 1985); *In re American Spinning Mills. Inc.*, 43 B.R. 365, 367 (Bankr. E.D. PA 1984*); In re Sciortino*, 114 B.R. 423, 426-27 (Bankr.

E.D. Pa. 1990) ("filing a complaint in bankruptcy court was logically the equivalent to a request for relief from the automatic stay"); *In re Sammon*, 253 B.R. 672 (Bankr. S.C. 2000) ("[t]he filing of a Proof of Claim before a bankruptcy court, which is in control over the process of administering the property of the bankruptcy estate, is the logical equivalent of a request for relief from the automatic stay, which cannot in itself constitute a violation of the stay pursuant to §362."); *In re Briarwood Hills Assoc.*, 237 B.R. 479, 780 (Bankr.W.D. Mo. 1999) (the automatic stay implicitly does not bar a party from commencing a proceeding against the debtor in the court where the bankruptcy petition is pending."); *In re Bird*, 229 B.R. 90, 95 (Bankr. S.D. NY 1999); *U.S. v. Inslaw, Inc.,* 932 F.2d 1467 (D.C.Cir.1991) ("For obvious reasons ... courts have recognized that § 362(a) cannot stay actions specifically authorized elsewhere in the bankruptcy code"); *In re Surprise,* 342 B.R. 119, 122 (Bankr.N.D.N.Y.2006); *In re Sims,* 278 B.R. 457, 472 (Bankr.E.D.Tenn.2002); *In re I.C.H. Corp.,* 219 B.R. 176, 190 (Bankr.N.D.Tex.1998), *rev'd on other grounds,* 230 B.R. 88 (N.D.Tex.1999) ( "The automatic stay is not applicable to assertion of a claim in a proof of claim filed in a Bankruptcy Court"); *In re Nelson,* 234 B.R. 528, 534 (Bankr.M.D.Fla.1999) ("The contention that the exercise of a mandated statutory right under the Bankruptcy Code [such as the filing of a nondischargeability complaint] is a violation of the automatic stay is almost as absurd as a contention that any creditor who files a proof of claim in bankruptcy violated the automatic stay"); *In re Rogers*, 391 B.R.317, 324-325 (Bankr. M.D. La. 2008).

For example, a creditor can file a claim for a disputed or unenforceable debt without violating the automatic stay, even if the claim is ultimately disallowed. *Campbell v. Countrywide Home Loans Inc.*, 545 F.3d 348, 354 (5th Cir. 2008) (citing *United States v. Inslaw,*

*Inc.*, 932 F.2d 1467, 1474 (D.C. Cir. 1991) ("we find no precedents in which a court has held that asserting a right to payment in a proof of claim constitutes a violation of the automatic stay"); *Zotow v. Johnson*, 432 B.R. 252, 257-8 (9th Cir. BAP 2010); *In re Sims*, 278 B.R. 457 (Bankr. E.D. Tenn. 2002) (rejecting an inaccurate or disputed proof of claim violated the automatic stay because the Bankruptcy Code permits actions taken within the bankruptcy court); *In re Sammon*, 253 B.R. 672, 680-81 (Bankr. D. S.C. 2000); *In re Surprise*, 342 B.R. 119 (Bankr. N.D. N.Y. 2006).

Furthermore, filing of a proof of claim is authorized by 11 USC §501 for the purposes of obtaining a distribution from the bankruptcy estate. *See* 11 USC §501 ("A creditor . . . may file a proof of claim.")  The requirements of a proof of claim are provided in Bankruptcy Rule 3001; and the debtor has the burden to dispute the claim by objecting to the proof of claim under 11 USC §502(b)(1)-(9) and Bankruptcy Rule 3007; otherwise, the creditor will participate in the estate's distribution.

*The Bankruptcy Code permits creditors to file claims that are disputed and unenforceable claims for any reason, because the debtors have the affirmative duty to decide which claims to present to the bankruptcy court in an objection to claim proceeding.*  *See* 11 USC 101(5)(A) (claim definition includes debts that are disputed); 11 USC §501 (a creditor may file a proof of claim for any debt that arose prior to the petition); 11 USC §502(b)(1) (a claim is allowed unless there is an objection to claim under the enumerated reasons, including a debt that is "unenforceable against the debtor and property of the debtor . . under any applicable law").

Therefore, the automatic stay, 11 USC § 362 does not bar Defendants from filing a proof of claim in the present bankruptcy case, even though the debt is not enforceable against the Plaintiff.

   III. <u>If the Filing of a Proof of Claim for an Unenforceable Debt is Not a Violation of the Automatic Stay (Which is a Broader Injunction), Such Filing Cannot be a Basis for a Violation of the Discharge Injunction.</u>

  Much like the automatic stay, the discharge injunction of §524(a)(2) enjoins creditors from attempting to collect from the debtor any debts that have been discharged.  In the cases of *In re Stooksbury*, 2008 WL 2169452 (Bankr. E.D. Tenn. 2008), *In re Surprise*, 342 B.R. 119, 121 (Bankr. N.D. NY 2006), and *In re Clayton*, 2010 WL 4008335 (Bankr. E.D. Wash. 2010), the plaintiffs in the respective adversary proceedings contended that the creditor's filing of a proof of claim in their current Chapter 13 that case as to a debt that was discharged in a prior Chapter 7 case violated both the automatic stay and the discharge injunction, subjecting defendants to damages and sanctions. Each of the three courts dismissed the subject Complaint, as a matter of law, for failure to state a claim upon which relief can be granted since the remedy available to the debtors was to have filed an objection to the creditors' claims in the chapter 13 bankruptcy case.

  The filing of a proof of claim is not a collection activity taken outside of the Bankruptcy Code and Rules framework, so the act of filing a claim cannot violate either the automatic stay or the discharge injunction. *See In re McMillen*, 440 B.R. 907, 912 (Bankr. N.D. Ga 2010) (holding that filing a proof of claim is not an attempt to collect a debt; it is merely "a request to participate in the distribution of the bankruptcy estate under court control", not an effort to collect a debt from the debtor who enjoys the protections of the automatic stay." ); *In re B-Real, LLC v. Rogers*, 405 B.R. 428, 431-32 (M.D. La. 2009) (holding that since the Bankruptcy Code contemplates the filing of a proof of claim with a process to disallow the claim, it is difficult for to understand how this outlined procedure by the Bankruptcy Code can forma  basis for a

violation.); *See also In re Chaussee*, 399 B.R. 225, 245 (B.A.P. 9th Cir. 2008); *See also Middlebrooks v. Interstate Credit Control Inc.,* 391 B.R. 434, 437 (D. Minn. 2008) (holding that an FDCPA action cannot be premised on the filing of a proof of claim because such filing is not an attempt to collect a debt.); *See also Baldwin v. McCalla,* 1999 U.S. Dist. LEXIS 6933 at 10-11 (N.D. Ill. 1999); *See also In re Pariseau,* ("Even filing an invalid proof of claim would be insufficient to form the basis for the claims to be asserted under the FDCPA or the Florida equivalents, the FCCPA and FDUPTA"); *see Simmons v. Roundup Funding, LLC* 622 F.3d 93, 96 (2nd Cir. 2010 (holding that federal courts have consistently ruled that filing a proof of claim in bankruptcy court cannot serve as a basis for an FDCPA action); *Jenkins v. Genesis Fin. Solutions* (*In re Jenkins)*, 456 B.R. 236 (Bankr.E.D.N.C. Sept. 19, 2011) (filing a proof of claim cannot constitute a collection activity); *Crawford v. LVNV Funding, LLC, et al.*, 2013 WL 1947616 (M.D. Ala.) ("creditors who file proofs of claims are not engaging in the sort of debt-collection activity that the FDCPA regulates.)

The Bankruptcy Code's remedy for filing a proof of claim on a discharged debt is to object to the proof of claim. *See* 11 USC §502(b)(1) and Bankruptcy Rule 3007. Therefore, the discharge injunction does not bar Defendants from filing a proof of claim in the present bankruptcy case, even though the debt is not enforceable against the Plaintiff's bankruptcy estate.  Much like filing a proof of claim that is unenforceable or disputed for statutory reasons such as being barred by the statute of limitations, the underlying debt is unenforceable against the estate due to a statutory discharge injunction.   The Plaintiff has already objected to the claim in the current bankruptcy case, Defendants have not opposed the Plaintiff's request for claim disallowance, and the claim has already been disallowed.

IV.     There is No Cause of Action for Wrongfully Filing a Proof of Claim

Plaintiff's allegation that the claim filed is wrongful because the debt is unenforceable or disputed does not constitute a valid, personal cause of action. Even if the Court were to construe Plaintiff's Complaint as alleging that the claim was based on perjury, there would still be no grounds for damages. Under *Brisco v. LaHue*, 460 US 325, 330 (1983), a witness who offers testimony, even if perjured, cannot be liable in a civil action for that testimony, as that testimony in a judicial proceeding is privileged as a matter of public policy." There is no cause of action for filing a false proof of claim, and a negligent filing is not sufficient grounds for criminal liability.

As an aside, had Plaintiff's counsel notified Defendants of the prior bankruptcy discharge before objecting to the subject claim or requested a withdrawal of the $654.07 unsecured claim before filing the objection to claim, Defendants would have complied with the request. Now; however, the Defendants cannot voluntarily withdraw their proof of claim by operation of Rule 3006. Plaintiff's counsel would have avoided $1,452.28 in additional fees assessed against the bankruptcy estate.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully requests this Honorable Court to dismiss Plaintiff's Complaint with prejudice; award costs in favor of Defendant; and for other relief the Court may deem just and proper.

Respectfully submitted,

/s/ Victoria A. Ferraro
Victoria A. Ferraro (020707)
Prochaska Quinn & Ferraro, P.C.
401 Church Street, Suite 2600
Nashville, TN 37219
Telephone: (615) 242-0060
Facsimile: (615) 242-0124
Email: victoriaferraro@pqflegal.com
Attorneys for Comenity Capital Bank and Qunatum3 Group, LLC, its bankruptcy servicing agent

# CERTIFICATE OF SERVICE

I certify that the foregoing has been served on all interested parties as listed below by depositing same in the U.S. Mail, postage prepaid, and/or by electronic mail this the 19th day of March, 2014.

**Trustee:**

C. Kenneth Still
Chapter 13 Trustee
P. O. Box 511
Chattanooga, TN 37401

**Attorney for Debtors:**

Richard L Banks
Richard Banks & Associates, P.C.
393 Broad Street NW
P. O. Box 1515
Cleveland, TN 37311

/s/ Victoria A. Ferraro
Victoria A. Ferraro