## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **JAMES MOORE,** | ) | **Chapter 13** |
| | ) | **Case No. 13-11325** |
| Debtor. | ) | |
| | ) | |
| **JAMES MOORE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **Adversary Proceeding No. 14-01011** |
| | ) | |
| **COMENITY CAPITAL BANK, and its agent,** | ) | |
| **QUANTUM3 GROUP LLC,** | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S BRIEF IN OPPOSITION
## TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff, James Moore ("Debtor," "Plaintiff" or "Mr. Moore"), respectfully submits this Brief in Opposition to the Motion to Dismiss filed by Defendants, Comenity Capital Bank ("Comenity") and Quantum3 Group, LLC ("Quantum") (collectively as the "Defendants"), pursuant to Rule 12(b)-(i) of the Federal Rules of Civil Procedure, as applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure.

### JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff incorporates by reference the facts pled in the Complaint. *See* Compl. ¶¶ 3-16, [Doc. No. 1]. Plaintiff agrees with Defendants' assertion that the facts are "fairly simple."

Defendants' Motion to Dismiss, p. 2. The major issue is whether this Court should use its powers pursuant to 11 U.S.C. § 105 to address an abuse of the bankruptcy process by the Defendants.

On June 9, 2006, Plaintiff filed a petition for Chapter 13 bankruptcy relief (the "Prior Chapter 13") in this Court. Petition, Doc. No. 1, Case No. 06-11736. On the Petition in the Prior Chapter 13, Plaintiff scheduled "Blair" as an unsecured creditor on Schedule F and listed the last four (4) digits of the account number as "6406." Petition, Sch. F, Doc. No. 1, Case No. 06-11736. On August 29, 2011, this Court entered a Discharge Order in the Prior Chapter 13. Discharge Order, Doc. No. 53, Case No. 06-11736. The ECF notice of the Discharge Order included "Blair." BNC Certificate of Notice, Doc. No. 54, Case No. 06-11736.

Seven years later, on March 18, 2013, Plaintiff filed a second petition for Chapter 13 bankruptcy (the "Active Case") because of a foreclosure on his home. Petition, Doc. No. 1, Case No. 13-11325. Plaintiff did not schedule Blair, Comenity or Quantum. *Id.* On April 22, 2013, Quantum, as agent for Comenity, filed Proof of Claim No. 2 in the amount of $654.07. Claim No. 2, Case No. 13-11325. The account detail attachment indicated the following information regarding the alleged debt: (1) the last four (4) digits of the account number as "6406," (2) the debt was charged off on October 16, 2006, and (3) "Blair" was the merchant on the account. *Id.* The Claim did not include any documents reflecting a purchase or transfer of the discharged claim of Blair to the Claimant, Comenity Capital Bank. In addition, the attachment to the Claim did not include a power of attorney giving the Defendant Quantum3 Group, LLC a right to file the Claim. *Id.*

Upon further review of Claim No. 2 by Plaintiff's counsel, Plaintiff and Plaintiff's counsel realized that the alleged underlying debt listed in Claim No. 2 had been discharged in the

Prior Chapter 13. Accordingly, on April 23, 2013, Plaintiff filed an Objection to Claim No. 2 (the "Objection") on the basis that the debt had been previously discharged. Objection, Doc. No. 34, Case No. 13-11325. The Defendants did not file a response to the Debtor's Objection to Claim No. 2, nor file any additional documents, declarations, or affidavits to rebut the Debtor's sworn declaration that the debt owed to Blair had been discharged in the Prior Chapter 13.

Quantum, by and through its agent, Dharminder S. Sandhu, and acting as agent for Comenity, in violation of Fed. R. Bankr. P. 3006, attempted to withdraw Claim No. 2. This attempted withdrawal of Claim No. 2 by a non-attorney in a contested matter is an abuse of the bankruptcy process. On June 7, 2013, this Court entered an Order sustaining the Objection. Order, Doc No. 57, Case No. 13-11325.

On January 08, 2014, Plaintiff's counsel filed an Application for Additional Compensation, which requested supplemental fees for Plaintiff's counsel's time and expense related to the preparation and filing of Objection to Claim No. 2 and Objection to Claim No. 3 also filed by Quantum, as agent for CF Medical V LLC. Claim No. 3 was disallowed by Order of this Court. Court. Doc. No. 76. Application for Additional Compensation, Doc. No. 82. On February 12, 2014, Plaintiff initiated this Adversary Proceeding, Case No. 14-01011, by filing the Complaint. Compl., Doc. No. 1. On March 19, 2014, Defendants filed a Motion to Dismiss the Complaint for failure to state a claim upon which relief can be granted, and Memorandum in Support. Motion to Dismiss, Doc. No. 8; Memorandum in Support, Doc. No. 9. On April 16, 2014, this Court entered an Order granting the Application for Additional Compensation in favor of Plaintiff's counsel in the amount of $1,159.78. Order, Doc. No. 98. This additional compensation was for non-routine legal services relating to the objections to the claims filed by Quantum.

On April 8, 2014, Plaintiff filed a Motion to Re-Open the Prior Chapter 13 for the purposes of filing a contempt action against Defendants. Motion to Re-Open, Doc. No. 57, Case No. 06-11736.  On May 2, 2014, this Court entered an Order granting the Motion to Re-Open. Order, Doc. No. 60, Case No. 06-11736.  Plaintiff reserves the right to file a motion to consolidate this Adversary Proceeding and the contempt action in the Prior Chapter 13, pursuant to Rule 7042 of the Federal Rules of Bankruptcy Procedure, if the Court determines appropriate relief cannot be awarded in this Adversary Proceeding.  Also, Plaintiff intends to take the deposition of Dharminder S. Sandhu, the individual whose name is listed on the signature of line of all Chapter 13 claims filed by Quantum nationwide, to inquire as to how Quantum obtained knowledge of Plaintiff's Active Case and what business processes are utilized when reviewing and scrubbing claims, or lack thereof.

In its Motion to Dismiss and Memorandum in Support, Defendants incorrectly assert that there are no disputed material facts. Memorandum, p. 2, Doc. No. 9.  Defendants have failed to respond to Plaintiff's allegations regarding Defendants' wrongful procurement and use of Plaintiff's personally identifiable information. *See* Compl. ¶¶ 11, 12, Doc. No. 1.  Further, Defendants have failed to respond to Plaintiff's allegations regarding the Defendants' abusive business practice of attempting to collect on claims which would be subject to the sanctions afforded to non-bankruptcy debtors under the provisions of 15 U.S.C. § 1692-1692(p), the Fair Debt Collections Practices Act, through the bankruptcy claims process by robotically filing claims in Chapter 13 cases. *Id.* at ¶ 15.  These actions are worthy of monetary damages and sanctions under 11 U.S.C. § 105(a) as an abuse of process.

By failing to respond to these allegations, it appears that Defendants are "missing the point" with respect to Plaintiff's allegations, or in the alternative, are attempting to steer the court

4

away from the "big picture."  Although Plaintiff will respond to three (3) issues *created* by the

Defendants in their Motion to Dismiss, Plaintiff strongly asserts that the major issue in this case

is whether the Defendants' business practice of attempting to collect on uncollectable debts

through the bankruptcy claims process by robotically filing claims in Chapter 13 cases is

wrongful enough to warrant sanctions and damages under 11 U.S.C. 105(a).  Further, Plaintiff

asserts that Defendants' unauthorized use of Plaintiff's personally identifiable information in

order to facilitate the mass filing of claims on bad debts is wrongful and warrants sanctions,

damages, and attorneys' fees.

**STANDARD OF REVIEW**

Pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure, bankruptcy courts

must apply Rule 12(b)(6) of the Federal Rules of Civil Procedure when analyzing a motion to

dismiss for failure to state a claim for relief. *Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011);

*Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006).  The complaint must "contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)).  In *Twombly*, the U.S. Supreme Court held that "a plaintiff's obligation to provide the

'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do" and that "[f]actual

allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted).

However, in *Erickson*, decided just two weeks after *Twombly*, the Supreme Court affirmed that

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short plain statement of the

claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the

statement need only 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting *Twombly* at 1964). "The opinion in *Erickson* reiterated that 'when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.'" *Tucker* at 550 (citing *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295-96 (6th Cir. 2008)) (citing *Erickson* at 2200) (citing *Twombly* at 1965). The Sixth Circuit has held that *Twombly* and *Erickson* should be read "in conjunction with one another" when deciding whether to grant a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Tucker* at 550 (citing *Sensations* at 295-96).

Here, material issues of fact exist. More importantly, Plaintiff has specifically pled facts that would entitle him to relief under 11 U.S.C. § 105(a). Therefore, accepting Plaintiff's factual allegations as true, that Defendants' actions are wrongful and worthy of sanctions under Section 105(a), the Defendants' Motion to Dismiss should be denied.

## LAW AND ARGUMENT

In support of the Motion to Dismiss, Defendants assert the following: (1) there is no private right of action under 11 U.S.C. § 524, (2) filing a proof of claim on a bad, unenforceable debt does not violate the automatic stay injunction, and (3) filing a proof of claim on a bad, unenforceable debt does not violate the discharge injunction because the automatic stay injunction is a broader injunction, and therefore, if such filing does not violate the automatic stay, then such filing does not violate the discharge. *See generally* Memorandum in Support of Motion to Dismiss, Doc. No. 9.

### A.  Quantum's Abusive Business Practice

Plaintiff strongly asserts that Defendants are either missing the point or, more likely, attempting to persuade the court that this was just an isolated incident…that attempting to collect on a previously-discharged debt was a matter of mistake.  Defendants argue that, had Plaintiff's counsel notified them of the prior discharge, Defendants could have withdrawn the claim. However, Defendants fail to reference the numerous claims filed on bad debts that have been previously disallowed after objections were filed by Plaintiff's counsel.

The Plaintiff respectfully submits that this Court can take judicial notice that Plaintiff's counsel and Gwendolyn Kerney, Chapter 13 Trustee in the Knoxville and Greenville divisions of the Eastern District of Tennessee have objected to 474 claims filed by the defendant, Quantum3 Group. Orders have been entered disallowing these claims in 472 of the filed and adjudicated objections. Other objections are pending. The percentage of disallowance (99.58%) confirms the plaintiff's position that an abuse of the bankruptcy process has occurred and continues due to the systemic, robotic business practice of Quantum's filing of claims uncollectable in state court. Through Quantum's robotic process of filing claims without scrubbing out or filtering claims that seek payment on unenforceable, bad debts, Quantum has created a business practice that is burdensome to the Court, burdensome to the clerk's office, burdensome to the debtors, burdensome to the Chapter 13 Trustee's office, and, in some cases, harmful to other creditors.

### B.  Private Right of Action for Violation of Discharge Injunction and Contempt

Plaintiff recognizes that the current law within the Sixth Circuit states that there is no private right action for violation of the discharge injunction under 11 U.S.C. § 524. *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 422-23 (6th Cir. 2000).  Defendants also referenced that courts within the Sixth Circuit have held that debtors must bring a contempt action against

creditors who violate the discharge injunction. Memorandum in Opposition, p. 4, Doc. No. 9

(citing *In re Perviz*, 302 B.R. 357, 370 (Bankr. N.D. Ohio 2003); *In re Williams*, 291 B.R. 445,

452 (Bankr. E.D. Tenn. 2003)).  Defendants argue that a contempt action must be brought solely

as a motion for contempt under Rule 9012 of the Federal Rules of Bankruptcy Procedure.

Defendants further argue that, even if the Court assumed that this action is a contempt motion,

the "filing of a proof of claim in a bankruptcy estate is not an attempt to collect a debt or a

collection action against the Plaintiff that would constitute a violation under § 524."

Memorandum in Opposition, p. 4, Doc. No. 9.  In other words, the Defendants take the position

that they have not done, and are not doing, anything wrong.

Defendants rely on *In re Stooksbury*, 2008 WL 2169452 (Bankr. E.D. Tenn. 2008) which

has facts somewhat similar to the case at hand, but some very important distinctions. In the

*Stooksbury* case the debtor scheduled the local creditor, FSG Bank, N.A. in Schedule F. FSG

Bank would have received an official notice from the court that it was scheduled as a claimant in

Mr. Stooksbury's second bankruptcy filing. In this case neither Blair, Comenity Capital Bank nor

Quantum3 Group were scheduled and would not have received notice from Court of Mr.

Moore's second Chapter 13 filing.

In addition, FSG Bank, N.A. is not a mass junk debt buyer like Quantum which files

thousands of claims using a systemic, robotic and computerized process without any pre-filing

due diligence mentioned in the Sixth Circuit case of *In re Wingerter*. 594 F. 3d 931 (6th Cir.

2000). Defendants also fail to reference *In re Motichko*, which disagreed with the *Stooksbury*

court on these same issues. *In re Motichko*, 395 B.R. 25 (Bankr. N.D. Ohio 2008).  The *Motichko*

court acknowledged *Pertuso*'s holding regarding Section 524, but distinguished the rule by

holding that it "does not prohibit" debtors from bringing adversary proceedings as contempt

actions. *Id.* at 29.  The court further distinguished *Pertuso*'s holding by stating that "[a]lthough no private right of action exists within [Section 524], the Sixth Circuit [] and a majority of other circuits have held violations of § 524 are punishable by sanctions for contempt of court. *Id.* (citing *Pertuso* at 421-23).  Also, the court stated that the "mere fact that Debtors request damages in addition to sanctions does not convert their suit into a private action. *Id.* at 30.  In so holding, the court analyzed possible remedies as follows:

> Although the only relief expressly authorized by 11 U.S.C. § 524 is injunctive, 11 U.S.C. § 105(a) authorizes the issuance of "any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code… "As a transgression against the court, broad discretion is invested in the court in selecting the appropriate sanction."…*The modern trend in civil contempt proceedings is for courts to award actual damages for violations of § 524's discharge injunction, and, where necessary to effectuate the purposes of the discharge injunction, a debtor may be entitled to reasonable attorney fees.*

*Id.* (citing *Miles v. Clarke (In re Miles)*, 357 B.R. 446, 450 (Bankr. W.D. Ky. 2006)) (emphasis added).

Here, the Defendants argue that there is no cause of action for wrongfully filing a proof of claim. *See* Memorandum in Opposition, p. 10, Doc. No. 9.  The Defendants attempt to support this argument by citing cases and statutes that allow for the filing of claims where the underlying debt is unenforceable or disputed. *Id.* at 4-10.  Therefore, the Defendants argue that "there is no cause of action for filing a false proof of claim." *Id.* at 10.  Plaintiff concedes that the filing of a *single or isolated*, false claim may not rise to a sanctionable transgression justifying relief under 11 U.S.C. §105(a).  But, Plaintiff strongly believes that the *mass, robotic filing of claims without any review or due diligence is wrongful*.  Further, Plaintiff strongly believes that the Defendants' business practice is so wrongful, as an abuse of process, that sanctions are warranted.

## C.  Sanctions for Abuse of Process under 11 U.S.C. § 105(a)

Under 11 U.S.C. § 105(a), Congress granted bankruptcy courts the power to "issue any order, process, or judgment that is necessary to carry out the provisions of this title" and to "take any action…necessary or appropriate…to prevent an abuse of process."   Many courts have upheld this statutory power and have found that sanctions are an appropriate to remedy or prevent an abuse of process. *See In re Chisum*, 68 B.R. 471 (9th Cir.BAP (Cal.) 1986) (bankruptcy court has inherent power to impose sanctions on parties and counsel who willfully abuse judicial process); *In re Scientex Corp.*, 46 B.R. 41 (Bankr. C.D. Cal 1984) (power is embodied in statute); *In re 2218 Bluebird Ltd. Partnership*, 41 B.R. 540 (Bankr. S.D. Cal. 1984) (power to sanction the litigant who *multiples the proceedings* in any case *unreasonably and vexatiously* is based upon the court's inherent power to protect the *orderly administration of justice and maintain authority and dignity of the court*) (emphasis added). Courts within this district have upheld the Bankruptcy Court's inherent power to sanction and impose a remedy for an abuse of process. *In re Sims* 278 B.R. 457 (Bankr. E.D. Tenn. 2002).

Here, sanctions are warranted against the Defendants for willfully abusing the judicial process by taking advantage of the claims process within the Chapter 13 program.  Prior to the formation of the junk debt-buying industry and the robotic, mass filing of bad claims, this was not an issue because there was no abuse of process.  Now, due to the nature of the Defendants' business practice, the orderly administration of justice, and authority and dignity of the Court, has been compromised.  Sanctions are the appropriate remedy and should be levied against the Defendants in a manner which will deter others from conducting themselves similarly.

## CONCLUSION

For the foregoing reasons, Plaintiff has sufficiently pled allegations and made claims for which relief can be granted, and, therefore, the Defendants' Motion to Dismiss should be denied.

Respectfully submitted,

RICHARD BANKS & ASSOCIATES, P. C.

Richard L. Banks, BPR 000617
R. Bradley Banks, BPR 031013
393 Broad Street NW
P.O. Box 1515
Cleveland, TN  37364
T: (423) 479-4188
F: (423) 478-1175
Email: rbanks@rbankslawfirm.com
*Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was filed electronically and served by first class mail and /or by the Court's Electronic Filing Notice to the parties listed below:

Victoria A. Ferraro, Esq.
401 Church Street, Suite 2600
Nashville, TN 37219
*Attorney for Defendants*

Kara West
Attorney for Chapter 13 Trustee
Eastern District of Tennessee
at Chattanooga

Gwendolyn Kerney
Chapter 13 Trustee
Eastern Division of
Tennessee at Knoxville by regular mail

R. Bradley Banks, BPR 031013