

**SIGNED this 29th day of September, 2014**

_____
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF TENNESSEE
# SOUTHERN DIVISION

In re:

JAMES MOORE                                                     No. 13-11325
                                                                Chapter 13
       Debtor;

JAMES MOORE,

       Plaintiff,

v.                                                              Adversary Proceeding
                                                                No. 14-1011

COMENITY CAPITAL BANK and its agent
QUANTUM3 GROUP LLC,

       Defendants.

## MEMORANDUM

Defendant Comenity Capital Bank ("Bank") and its agent, Quantum3 Group LLC

("Quantum3"), (collectively "Defendants") move to dismiss this adversary proceeding. [Doc. No.

1

8].[1] Plaintiff debtor James Moore ("Plaintiff" or "Debtor") opposes the motion. [Doc. Nos. 20, 21]. The Debtor's complaint asserts a claim for violation of 11 U.S.C. § 1328(c) and asks that this court declare the Defendants in contempt for willful violation of the court's discharge order entered in the Debtor's prior bankruptcy case, Bankr. Case No. 06-11736. [Doc. No. 1, Complaint]. The Debtor also alleges that the Defendants' business practices constitute a repetitive abuse of process under 11 U.S.C. § 105. The Debtor seeks a finding of contempt, reimbursement of attorney's fees, $15,000 in compensatory damages and $45,000 in punitive damages.

The court has reviewed the briefing filed by the Defendants and the Debtor, the pleadings at issue, and the applicable law and makes the following findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052. For the reasons explained *infra*, the court concludes that the Defendants' motion to dismiss will be GRANTED in part and DENIED in part. The Plaintiff's claim of contempt will be dismissed without prejudice, and leave will be granted to the Plaintiff to file a motion for contempt in the main bankruptcy case. The court declines to dismiss the Plaintiff's abuse of process claim.

## I. Background

The Debtor filed his Chapter 13 voluntary petition in bankruptcy on March 18, 2013. [Bankr. Case No. 13-11325, Doc. No. 1]. He had previously filed a Chapter 13 bankruptcy case in which he had listed an account debt owed to "Blair" for an account ending in numbers 6406. [Bankr. Case No. 06-11736, Doc. No. 1, p. 14]. An order of discharge was entered on August 29, 2011 in the Debtor's prior bankruptcy case pursuant to 11 U.S.C. § 1328(a). [Bankr. Case No.

---

[1] All citations to the court's docket entries are for the docket pertaining to Adversary Proceeding 14-1011, unless otherwise noted.

06-11736, Doc. No. 53]. When the Debtor filed the 2013 Chapter 13 case, neither "Blair" nor any unsecured debt identified with an account number ending in 6406 was listed on Schedule F. [Bankr. Case No. 13-11325, Doc. No. 21]. The Bank, through its agent Quantum3, filed Proof of Claim No. 2 on April 22, 2013 in the amount of $654.07 for what appears to be the discharged, unsecured debt. [Bankr. Case No. 13-11325, Claim No. 2-1]. The proof of claim form listed the number by which the account could be identified as ending in 6406 and noted that the Debtor may have scheduled the account as "Blair." The court entered an order confirming the Debtor's Chapter 13 plan on August 26, 2013. [Bankr. Case No. 13-11325, Doc. No. 69]. The Debtor filed this Complaint on February 12, 2014, alleging that the filing of a proof of claim for a previously discharged debt is a violation of the discharge injunction under 11 U.S.C. § 524. [Doc. No. 1, Complaint].

The Debtor argues that these creditors have a business practice of using personal identifying information to file unenforceable claims such as Claim No. 2 in this case. Complaint, ¶¶ 11, 12. From that pattern, the Debtor contends that the Defendants are abusing the bankruptcy process and should be subject to sanctions and damages for their conduct pursuant to 11 U.S.C. § 105.

The Defendants contend that no private right of action exists for violation of the discharge injunction, and that even if such a private right of action did exist, the filing of a proof of claim relating to a debt discharged in a prior bankruptcy case is not a violation of the discharge injunction as a matter of law.

## II. Standard of Review

Federal Rule of Bankruptcy Procedure 7012(b) states that Federal Rule of Civil Procedure

12(b) applies to adversary proceedings. *See* Fed. R. Bankr. P. 7012(b). Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must "treat as true all of the well-pleaded allegations of the complaint." *Bower v. Federal Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996)). In addition, a court must construe all allegations in the light most favorable to the plaintiff. *Bower*, 96 F.3d at 203 (citing *Sinay v. Lamson & Sessions*, 948 F.2d 1037, 1039 (6th Cir. 1991)).

The Supreme Court has explained "an accepted pleading standard" that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1969 (2007). The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993)) (emphasis in original). The court will thus review the motion to dismiss by assuming the facts are as alleged by the Debtor. It will further consider whether any set of facts may exist, based on the allegations in the Complaint, that support the Plaintiff's legal claims sufficient to deny the motion to dismiss.

### III. Issues

The first issue before the court is whether filing a proof of claim for a discharged debt can be a violation of the injunction imposed by 11 U.S.C. § 524(a)(2). If the act of filing a proof of claim to receive a distribution on account of a discharged debt is not a violation of the discharge injunction as a matter of law, then the filing of such claims, regardless of the number of times such claims are filed, cannot be an abuse of the bankruptcy process. But if such filings do violate the

discharge injunction, then the intentional filing of such a proof of claim would be an act of contempt.

Second, if the court finds that the filing of one such claim is an act of contempt, then it must address whether the Plaintiff has a private cause of action for the violation.

Third, the court must consider whether the debtor has stated a claim for abuse of process for which this court may enter an order imposing injunctive relief and monetary sanctions under 11 U.S.C. § 105.

### IV. Analysis

#### A. Does the Filing of a Proof of Claim Violate the "Discharge Injunction" of 11 U.S.C. § 524(a)(2)?

The discharge provision relating to Chapter 13 bankruptcy petitions states: ". . . as soon as practicable after completion by the debtor of all payments under the plan, …. the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, …" 11 U.S.C. § 1328(a). The discharge injunction states: "[a] discharge in a case under this title— . . . (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or *an act, to collect, recover or offset any such debt* as a personal liability of the debtor, whether or not discharge of such debt is waived; . . . ." 11 U.S.C. § 524(a)(2) (emphasis added). As one bankruptcy court in this Circuit has explained:

> The § 524(a) post-discharge injunction embodies the "fresh start" concept inherent in the Bankruptcy Code by allowing the debtor to begin anew with a debt-free start and without pressure from creditors to repay discharged debts. The injunction is broad in scope and was intended to preclude virtually all actions to collect. Post-discharge lawsuits are clearly prohibited.

*In re Lafferty*, 229 B.R. 707, 712-13 (Bankr. N.D. Ohio 1998) (citing *Green v. Welsh,* 956 F.2d 30, 33 (2nd Cir.1992); *In re Latanowich,* 207 B.R. 326, 334 (Bankr. D. Mass.1997)) (other citations

omitted).

The Sixth Circuit Bankruptcy Appellate Panel cited *In re Lafferty* in its discussion of the breadth of the discharge.

> After a chapter 7 debtor meets his obligations under the Bankruptcy Code, he is discharged from all debts that arose prior to the filing of his bankruptcy case. The bankruptcy discharge operates as an injunction to prevent any person or entity from commencing or continuing an act to collect a discharged debt as a personal liability of the debtor. "The purpose of the permanent injunction is to effectuate one of the primary purposes of the Bankruptcy Code: to afford the debtor a financial 'fresh start.'" The injunction is intended to preclude virtually all actions to collect, including post-discharge lawsuits.

*Badovick v. Greenspan (In re Greenspan)*, 464 B.R. 61, at *3 (B.A.P. 6th Cir. 2011) (unpublished) (quoting *In re Miller,* 247 B.R. 224, 228 (Bankr.E.D.Mich.2000), *aff'd,* 282 F.3d 874 (6th Cir.2002) and citing *In re Lafferty,* 229 B.R. at 712) (other citations omitted).

Section 524 does except some acts from its broad injunction. It allows a debtor to make a voluntary payment. 11 U.S.C. § 524(f). It allows a creditor to enforce a post-petition agreement to repay the debt, if the parties have complied with the procedures for reaffirmation. 11 U.S.C. § 524(c). It contains an exception for acts by holders of secured claims to the extent that the act is "limited to seeking or obtaining periodic payments associated with a valid security interest in lieu of pursuit of in rem relief to enforce the lien." 11 U.S.C. § 524(j)(3). Apart from these three, there are no other exceptions contained in Section 524 for pursuing the collection of an individual's discharged debt.

The act complained of in this case is the filing of a proof of claim. Filing a claim is certainly within the accepted definition of an act.[2] The purpose of the act of filing is to obtain a recovery on the debt or to continue the collection actions on that debt that was previously stayed and then

---

2  According to the American Heritage Dictionary, an act is "[s]omething done or performed; a deed." AMERICAN HERITAGE DICTIONARY 16 (4th ed. 2009).

6

discharged. In *Crawford v. LVNV Funding, LLC*, the Eleventh Circuit Court of Appeals recently held that the filing of a proof of claim was an act to collect a debt within the meaning of the Fair Debt Collection Practices Act. 758 F.3d 1254, 1261 (11th Cir. 2014).

The injunction also prohibits the **continuation of any action to collect** a discharged debt. 11 U.S.C. § 524(a)(2). To the extent that a creditor files a claim in one case, has that claim discharged but tries again in a second case, the second filing of a claim would appear to be a continuation of an action to collect the discharged debt.

The Defendants assert that the filing of a proof of claim even after a discharge has been entered on the debt at issue can never violate the discharge injunction. Therefore, they claim that even if a motion for contempt for violation of the discharge injunction can be brought as an adversary proceeding, as a matter of law, the allegations in the Complaint do not sufficiently allege a claim for contempt.

The Defendants rely on three cases for the proposition that filing a proof of claim does not violate the discharge injunction. *See Stooksbury v. FSG Bank, NA (In re Stooksbury)*, No. 08-3012, 2008 WL 2169452 (Bankr. E.D. Tenn. May 22, 2008); *In re Surprise*, 342 B.R. 119 (Bankr. N.D.N.Y. 2006); *Clayton v. Roundup Funding, LLC (In re Clayton)*, No. 09-80167, 2010 WL 4008335 (Bankr. E.D. Wash. Oct. 12, 2010). The court does not find these cases to be persuasive on this issue.

In *In re Stooksbury* the debtor filed a Chapter 7 bankruptcy petition and received a discharge of her debts, including a $21,860.78 debt owed to the defendant. 2008 WL 2169452 at *1. She then filed a second bankruptcy petition and scheduled the previously discharged debt on the bankruptcy petition. The defendant filed a proof of claim based on the debt discharged in the

7

first bankruptcy case. The debtor filed an adversary proceeding alleging violations of the discharge injunction, filing of a false proof of claim, and alleged violations of the Fair Credit Reporting Act. The debtor subsequently withdrew the claim for violation of the Fair Credit Reporting Act. *Id.* The only remaining question for the court was whether the complaint alleging claims of violation of the discharge injunction and filing a false claim should be dismissed. The court concluded that under the *Pertuso* case described *infra*, no private right of action for violation of the discharge injunction or for filing a false claim existed. Since the debtor did not mention contempt, the court did not recommend the debtor's filing of a motion for contempt as a contested matter. *Id.* at *3-4. The court dismissed the case in its entirety as the debtor had not pled any viable claims suitable for an adversary proceeding. *Id. See Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417 (6th Cir. 2000).

Unlike the plaintiff in *In re Stooksbury*, the Plaintiff has alleged contempt and asserted a claim for abuse of process, combined with his claims for violation of the discharge injunction. The court does not read *Stooksbury* as addressing the issue of whether filing a proof of claim violates the discharge injunction. The court held that even if it did, there was no private cause of action that the debtor could pursue. Because the issue of contempt was never raised by the debtor, the court did not have to address whether the filing a proof of claim for a discharged debt could be an act of contempt for which the court could award sanctions which might include reimbursement of costs to the plaintiff.

In the second case cited by the Defendants, *In re Surprise,* the court ruled on the debtors' motion seeking damages for violation of that automatic stay and the discharge injunction. 342 B.R. at 120. In that case the debtors filed a Chapter 7 bankruptcy petition and listed the defendant as a secured creditor with a claim of $5,886.68 on a vehicle. *Id.* They received a discharge, and the

8

creditor repossessed the vehicle. While their Chapter 7 bankruptcy case was still pending, the debtors filed a Chapter 13 bankruptcy petition. The defendant filed a proof of claim in the amount of $5,902.61 for secured debt. The defendant also filed a motion for relief from the stay in the second bankruptcy action so that it could sell the vehicle, and the court granted the relief. *Id.* at 121. The defendant then withdrew its proof of claim around eleven days after the debtors filed the motion at issue. The court addressed the debtors' motion for damages as a motion in the bankruptcy case, not as a separate adversary proceeding. The defendant argued that "when it learned of the Debtors' chapter 13 case it 'acted in the most conservative fashion by filing a proof of claim and motion for relief from the stay in order to liquidate the vehicle.'" 342 B.R. at 121.

The court denied the debtors' motion for damages after a hearing on the merits, relying on *In re Sammon*, a case which addressed only the automatic stay of Section 362, Fed. R. Bankr. P. 9011, and a proof of claim involving a "grossly overstated" amount due. *In re Sammon*, 253 B.R. 672, 680 (Bankr. D.S.C. 2000). The *Sammon* court had determined that the "filing of a Proof of Claim before a bankruptcy court, which is in control over the process of administering the property of the bankruptcy estate, is the logical equivalent of a request for relief from the automatic stay, which cannot in itself constitute a violation of the stay pursuant to § 362(h)." *Id.* at 680. The *Surprise* court noted, without any discussion of the difference in language or purpose between Section 362 and Section 524, that:

> The Debtors' motion must fail as a matter of law. Nothing that [the defendant] did, whether it be in filing its proof of claim or in seeking relief from the automatic stay, were actions taken outside the jurisdiction of this Court which violated either the injunction of Code § 524(a) or the automatic stay of Code § 362(a). The appropriate remedy available to the Debtors was to have filed an objection to [the defendant's] proof of claim in the current chapter 13 case, pursuant to Fed.R.Bankr.P. 3007, which claim is now moot given its withdrawal by [the defendant].

9

342 B.R. at 122.

In addition to there being no discussion of section 524 specifically, this court finds the facts and circumstances in that case to be distinguishable from the current adversary proceeding. First, the debtor had two cases pending, and the creditor found itself in an awkward position of trying to obtain relief from the stay while facing a deadline to file a proof of claim in the second case. The Debtor alleges in this case that these creditors did not file this claim in an abundance of caution because there was some question that a part of the claim remained. Rather, the debtor has alleged that filing the proof of claim was an intentional act to pursue a discharged debt. The Defendants do not offer any excuse for purposes of their motion to dismiss. They ask the court to find as a matter of law that the filing of a proof of claim for a discharged debt can never be a violation of the discharge injunction on the same basis that courts have found that filing a proof of claim does not violate the automatic stay imposed by 11 U.S.C. § 362(a). Finally, the procedural posture of the case is also different. The court addressed the debtor plaintiffs' motion in the context of a contested matter brought in the main case. The court issued its decision following a hearing on the merits of the motion. In contrast, the motion before this court is the defendant creditors' motion to dismiss an adversary proceeding brought by the Debtor.

The third case *In re Clayton* does directly address the issue of whether the discharge injunction prohibits filing proofs of claims for discharged debts. In that case the court addressed the creditor defendant's motion for summary judgment regarding the debtors' claims for violation of the automatic stay and the discharge injunction. 2010 WL 4008335 at *1. The creditor admitted that the debt at issue had been discharged in a prior Chapter 7 bankruptcy case, but contended that its action taken in filing a proof of claim in the debtors' subsequent bankruptcy case did not violate

10

either the automatic stay or the discharge injunction. The debtors incurred the debt at issue after they filed their first Chapter 13 bankruptcy petition, but before the case was converted to a Chapter 7 bankruptcy case. *Id.* The debtors did not amend their schedules to add the credit card debt, so the creditor did not receive notice of the conversion. Following the debtors' discharge, the credit card creditor then sold the debtors' bankruptcy receivable to another creditor, which then subsequently assigned the debt to the creditor defendant. *Id.* The creditor defendant did not know the credit card debt had been discharged in bankruptcy, and so it filed a proof of claim in the debtors' second bankruptcy case. The creditor defendant essentially asserted that "it was not aware that an account opened 2 years after the first bankruptcy filing but prior to the conversion of that case to chapter 7 might be discharged. In short, [the defendant pled] that it acted in good faith and in ignorance of the law." *Id.* The defendant creditor withdrew its claim upon the debtors' filing of the adversary proceeding. *Id.* at *2.

Relying on *In re Surprise* and 11 U.S.C. §§ 101(5), 501(a), the court concluded that the language in Section 362(a) of the automatic stay did not encompass the act of filing a proof of claim that was disputed. "As a general rule, the automatic stay of section 362 does not operate against the court with jurisdiction over the bankruptcy. This means that actions that are specifically permitted under the Bankruptcy Code do not violate the automatic stay. . . . a creditor can file a claim for a disputed debt, without violating the automatic stay, even if the claim is ultimately disallowed." *In re Clayton*, 2010 WL 4008335, at *3.

The court struggled more with the question of whether the creditor defendant had violated the discharge injunction.

> The crucial question is whether the act of filing a proof of claim violates the injunction. [The defendant] responds to the [debtors'] claim under section 524(a) with the identical

11

>arguments that it asserted against their section 362(a) claim. The section 524(a) injunction prohibits only activities outside of the bankruptcy court. In [the defendant's] words, "**the Bankruptcy Code permits creditors to file claims that are disputed and unenforceable claims for any reason, because the debtors have the affirmative duty to decide which claims to present to the bankruptcy court in an objection to claim proceeding."** The Court questions the scope and validity of this assertion. Section 524(a) ensures that a discharge will be effective by protecting the debtor and the debtor's post discharge property from the collection of discharged debts. Post petition property, such as the debtor's earnings, could be the very property that becomes the property of the subsequent bankruptcy estate. The court is troubled by the proposition that this property loses the protection of the discharge injunction, once it becomes property of a subsequent bankruptcy estate. In this regard the court emphasizes that section 524(a) provides for the broad protection against not only legal proceedings, but also other acts to collect a discharged debt as a personal liability of the debtor.

2010 WL 4008335 at *5 (emphasis in original) (citing *B-Real, LLC v. Chaussee (In re Chaussee)*, 399 B.R. 225, 240 (B.A.P. 9th Cir. 2008) (other citations omitted).

Nevertheless, it determined that:

>[d]espite these reservations, the court concludes its analysis of the [debtors'] section 362(a) claim is applicable to their claim for violation of the discharge injunction. In order for the court to find that there was a violation of the injunction, the [debtors] must establish the violation of a specific court order. Like the section 362(a) injunction, the language of the section 524(a) injunction does not encompass the act of filing a claim against a bankruptcy estate. Additionally, if a creditor files a disputed and unenforceable claim, the Bankruptcy Code authorizes the debtor to object to the claim. If a creditor files a claim that abuses the judicial process, bankruptcy courts have both statutory and inherent authority to sanction the conduct. For the same reasons stated in the previous section, the court concludes [the defendant] did not violate the discharge injunction of section 524(a) by filing a proof of claim in [the debtor's] Chapter 13 bankruptcy case.

2010 WL 4008335 at *5 (citations omitted).

This court is troubled by the same issues that troubled the *Clayton* court. It, however, disagrees with that court's conclusion that the language of Section 524(a) does not encompass the act of filing a claim. To the contrary, this court reads the phrase "an act" very broadly and notes that what actions are not encompassed in the injunction are spelled out in other parts of Section

12

524. This court finds that the failure to exclude filing a claim in a subsequent proceeding along with other exceptions in 524 is evidence that the injunction is broad enough to cover such an act. The court agrees that filing a claim would not violate Section 362. That section stops existing collection efforts and offers the creditors an alternative course for collection in 11 U.S.C. § 501, *i.e.,* filing a proof of claim. However, once that permitted act is taken and the debt is discharged, any continuation of an action, use of process or any "act" to collect that same debt is prohibited by Section 524(a). If the creditor wants its debt excluded, it must avail itself of the reaffirmation procedures. If it takes an act or renews its collection efforts, it risks sanctions for its contempt of the discharge order. This court concludes that the act of filing a proof of claim for a discharged debt can violate the discharge injunction of 11 U.S.C. § 524(a). In this case, the Debtor has alleged that the debt was discharged in a prior bankruptcy, that the creditor was aware of the discharge, and that the creditor still filed a proof of claim for the discharged debt.

    **B.    Does the Debtor Have a Private Cause of Action for a Violation of 11 U.S.C. § 524?**

Having found that the discharge injunction has been violated, the court must consider whether there is a private cause of action for this violation. The Defendants contend that there is no private cause of action for a violation of Section 524, and this court must agree. This court discussed this exact issue in *Stevens v. Citizens Tri-County Bank*, No. 11-1049, 2011 WL 6812807 (Bankr. E.D. Tenn. Dec. 28, 2011).

In *In re Stevens* this court addressed the Sixth Circuit decision of *Pertuso v. Ford Motor Credit Co.* in detail. 2011 WL 6812807 at *5 (citing *Pertuso*, 233 F.3d 417). This court explained the ruling in *Pertuso*:

    In *Pertuso* the Sixth Circuit directly addressed whether a private right of action

13

exists under 11 U.S.C. § 524. In that case the debtors brought an action against a creditor that solicited a reaffirmation agreement from them pertaining to their vehicle. The debtors claimed that the creditor violated both the automatic stay provision and the discharge injunction under the Bankruptcy Code. The gravamen of the debtors' claim was that the reaffirmation agreement solicitation by the creditor was an improper debt collection practice, and they brought a purported class action against the creditor in district court.

The Sixth Circuit noted that the question of "[w]hether 11 U.S.C. § 524 impliedly creates a private right of action for an asserted violation of the section is a question of first impression in this circuit." The debtors argued that an implied right of action existed and in the alternative, Section 524 was enforceable through the use of 11 U.S.C. § 105. 11 U.S.C. § 105 provides that bankruptcy courts may issue orders that are necessary or appropriate to carry out provisions of the Bankruptcy Code.

The Sixth Circuit determined that "the obvious purpose" of Section 524(a)(2) "is to enjoin the proscribed conduct – and the traditional remedy for violation of an injunction lies in contempt proceedings, not in a lawsuit such as this one." The court noted that Congress amended 11 U.S.C. § 362 to provide for a private right of action "because reliance on the contempt power to remedy violations of § 362 had been widely criticized." The court then explained that Congress also amended Section 524 at the same time and did not add a private right of action. The Sixth Circuit found that the "contrast . . . is instructive." The Court also concluded that "[l]ower courts addressing the question of whether there is an implied right of action under § 524 have reached conflicting results. The more persuasively reasoned opinions, in our judgment, are those holding that no such right of action exists." It further explained:

> Congress knew that courts were enforcing § 524 through contempt proceedings, and Congress knew how to create a private right of action when it wished to do so, but in this instance it elected to do nothing. As with § 363, we do not believe that the failure to provide for a private right of action in connection with § 524 was accidental.
> . . .
>
> As to the argument that violations of § 524 may be remedied pursuant to § 105 . . . , we rejected a similar argument in *Kelvin*. In holding that § 105 could not be invoked to remedy breaches of § 363, we expressed ourselves as follows:
>
>> "[W]e do not read § 105 as conferring on courts such broad remedial powers. The 'provisions of this title' simply denote a set of remedies fixed by Congress. A court cannot legislate to add them."

14

This remains our view.

*In re Stevens*, 2011 WL 6812807 at *6-7 (citing and quoting *Pertuso*, 233 F.3d at 419-23 and quoting *Kelvin v. Avon Printing Co., Inc. (Matter of Kelvin Publishing, Inc.)*, No. 94-1999, 1995 WL 734481, at *4 (6th Cir. Dec. 11, 1995)).

With respect to the allegations of contempt, this court has also addressed whether a request for sanctions for contempt may be brought in an adversary proceeding. In *Stevens* this court reviewed the two schools of thought on this issue in this circuit. *In re Stevens*, 2011 WL 6812807 at *7. One approach was taken in *Motichko v. Premium Asset Recovery Corp.*, 395 B.R. 25, 29 (Bankr. N.D. Ohio 2008), which is discussed in the debtor's memorandum, and it allows contempt actions to be brought through an adversary proceeding. The other approach is the one taken in *Frambes v. Nuvell Nat'l Auto Fin., LLC (In re Frambes)*, 454 B.R. 437 (Bankr. E.D. Ky. 2011). The *Frambes* court held that a violation of the discharge injunction had to be filed as a motion. This court adopted the approach taken in *In re Frambes*.

In *In re Frambes*, the bankruptcy court specifically disagreed with the holding of *Motichko*. 454 B.R. 437 (Bankr. E.D. Ky. 2011); *see also Pereira v. First North American Nat'l Bank*, 223 B.R. 28, 30 (N.D. Ga. 1998) (finding no private right of action under Section 524). The *In re Frambes* court relied on both *Pertuso* and on *Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186 (9th Cir. 2011) in determining that a contempt action to remedy a violation of the discharge action must be brought as a motion in the main bankruptcy case. In distinguishing *Motichko*, the *Frambes* court noted:

> While this court respects the findings of its sister courts in this circuit, it cannot reconcile the reliance of these courts on § 105 to allow a private right of action in an adversary proceeding where the Sixth Circuit explicitly held in *Pertuso* that § 105

15

> does not confer that power on the bankruptcy court. *Pertuso* was clear that the traditional remedy is a contempt proceeding brought by motion rather than by lawsuit. Section 105 cannot be used to circumvent that ruling.

454 B.R. at 441. The bankruptcy court concluded that "[t]he Ninth Circuit's well-reasoned analysis supports this Court's conclusion that the only remedy for a debtor aggrieved by a violation of the discharge injunction is to seek relief by virtue of a motion in the main bankruptcy proceeding." *Id.* at 443. The court then dismissed the debtor's claim of a violation of the discharge injunction without prejudice and with leave for the debtor to file a motion for contempt in the main bankruptcy case. *Id.*

> As this court noted in *In re Stevens*:
>
> With these facts in mind and in reviewing the two approaches outlined *supra*, the court concludes that the cases following *Pertuso* represent the more well-reasoned approach. The court finds that *Pertuso* explicitly rejected using 11 U.S.C. § 105 as a means of creating a private right of action for violations of the discharge injunction. The court will follow in the footsteps of the court in *Frambes* and *Pertuso*. The court concludes that remedies for a violation of the discharge injunction must be sought through a motion for contempt in the main bankruptcy case and not through a separate adversary proceeding.

2011 WL 6812807 at *8 (citing *Pertuso*, 233 F.3d at 421-23).

As this court has already found that there is no private right of action pursuant to 11 U.S.C. § 524(a) in *In re Stevens*, the court concludes generally that a request for sanctions for such a violation must be brought as a motion for contempt in the main bankruptcy case rather than as an adversary proceeding. *See* 2011 WL 6812807. Accordingly, the court will grant the Defendants' motion to dismiss the Plaintiff's claim for contempt without prejudice to the Plaintiff filing a motion for contempt in the main bankruptcy case.

### C.    Has the Debtor Stated a Claim for Abuse of the Bankruptcy Process?

Finally, this court must decide whether the Plaintiff has adequately alleged a claim for

abuse which is independent of his claim for contempt. The allegations in the complaint are contained in paragraphs 12 through 15. The Plaintiff first alleges that the Defendants wrongfully used "protected personally identifiable information of Chapter 13 debtors to electronically file proofs of claims in Chapter 13 cases as part of Defendants' regular business practice or in [their] routine course of business." Complaint ¶ 12. Paragraph 13 addresses only the one act of contempt allegedly committed in this case, albeit the Debtor refers to that conduct as "willful flagrant disregard of the Notice of Plaintiff's prior Chapter 13 bankruptcy Discharge Order…." Complaint ¶ 13. Paragraph 14 refers to the actions involved in collecting the discharged debt as evidence of the Defendants' disregard for the Orders of this Court. Paragraph 15 is the one that states that the Defendants' business practices constitute a repetitive abuse of process under 11 U.S.C. § 105, for which sanctions are the appropriate and necessary remedy. Complaint, ¶¶ 14, 15.

In *In re Sims* the bankruptcy court addressed a motion to dismiss a complaint seeking individual and class wide relief based on claims that the defendant creditor had a common practice of systematically filing claims greater than the amount to which it was entitled in Chapter 13 bankruptcy cases. *Kerney v. Capital One Finan. Corp. (In re Sims)*, 278 B.R. 457, 460 (Bankr. E.D. Tenn. 2002). The plaintiffs had raised six claims, including a claim for violation of 11 U.S.C. § 502(b)(2), willful violation of the instructions on Official Form 10, willful and knowing violation of the automatic stay, contempt of the court's confirmation orders, taking more than proportional share of bankruptcy estates, and discriminatory treatment of creditors, material misrepresentation, and abuse of process. *Id.* at 462.

With respect to the plaintiffs' first claim, the court determined that no private right of action existed pursuant to 11 U.S.C. § 105 to enforce 11 U.S.C. § 502. *In re Sims*, 278 B.R. at 467. This court has reached the same conclusion with respect to violation of the discharge injunction.

17

The *Sims* court also addressed the plaintiffs' abuse of process claim relating to allegations of the defendant's "systematic pattern of falsely misrepresenting the net amount of its claims." 278 B.R. at 480. The court explained its refusal to dismiss the plaintiffs' abuse of process claim in this way:

> This court, however, views the allegations of the amended complaint regarding abuse of process in a different light than that asserted by Capital One. Although the Bankruptcy Code provides no explicit cause of action for a litigant who [is] harmed by a perversion of the bankruptcy process, the second sentence of 11 U.S.C. § 105(a) expressly provides that "[n]o provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." This provision plainly contemplates that the court may act to "prevent an abuse of process."
>
> Courts have recognized that this authority is not limited to sua sponte actions but that the bankruptcy court may act on the request of a party in interest. And, although § 105 "does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law," "[b]ankruptcy courts . . . enjoy inherent power to sanction parties for improper conduct." This inherent power authorizes federal courts "to protect their proceedings and judgments in the course of discharging their traditional responsibilities."

*In re Sims*, 278 B.R. at 480-81 (quotations and citations omitted). The court denied the defendant's motion to dismiss the plaintiffs' abuse of bankruptcy process claim finding that if the plaintiffs could demonstrate knowing and willful filing of inflated claims, they might be entitled to sanctions. *Id.* at 482.

In this case the Plaintiff's allegations of systematic abuse are not so clear. There appear to be two wrongful acts of which the Plaintiff complains. The first is the wrongful act of filing a proof of claim for a discharged debt. The court agrees that this is a violation of the discharge injunction, but there is no specific allegation that this act is part of the Defendants' regular business practices. The second act alleged to be wrongful is the use of protected personally identifiable information of Chapter 13 debtors to file unenforceable proofs of claim in Chapter 13 cases. Unlike the Section

524 violation, there is no specific allegation regarding what statute or duty is being violated by use of the personal identifiers, but the Plaintiff does identify this as a business practice. At this stage in the proceeding, the court can infer that the use of the personal information is part of the process for filing the proof of claim in a second case where the discharged debt would not be scheduled and notice would not have been sent to the creditor.

The Defendants did not address the Plaintiff's allegations of abuse of process in their motion to dismiss, preferring to take the position that the filing of a proof of claim can never be a wrongful act, and therefore allowable acts, however often repeated, could never be abusive. Having found the existence of a wrongful act and taking the facts as alleged in the Complaint, the court concludes that the Defendants' motion to dismiss the abuse of process claim alleged by the Plaintiff should be denied. The Plaintiff may proceed with discovery to determine whether he can demonstrate that there are repeated intentional violations of the stay and systematic use of personal information in a wrongful manner. As in *In re Sims* the Plaintiff has alleged enough of a systematic abuse of the bankruptcy process to survive the Defendants' motion to dismiss. Therefore, the court will deny the Defendants' motion to dismiss the Plaintiff's claim for abuse of process.

The court's ruling leaves the proceeding in an awkward procedural posture. The adversary proceeding will continue on the issue of abuse of process on the basis that the Plaintiff is seeking equitable relief to stop the allegedly abusive practices. The Plaintiff will be granted leave to file a motion for contempt in the main bankruptcy case for the alleged violations of the discharge injunction. Should a motion for contempt be filed in this case or in the 2006 bankruptcy case, which the court recently reopened for the purpose of filing a motion for contempt (Bankr. Case No. 06-11736, Doc. No. 60), the court will consider the consolidation of these proceedings for trial pursuant to Fed. R. Civ. P. 42, made applicable to adversary proceedings by Fed. R. Bankr. P. 7042

19

and contested matters by Fed. R. Bankr. P. 9014(c).

V.   **Conclusion**

As explained *supra*, the court concludes that the Defendants' motion to dismiss should be GRANTED in part and DENIED in part. The Plaintiff's claim for contempt based on violation of the discharge injunction will be dismissed without prejudice with leave for the Plaintiff to file a motion in compliance with Fed. R. Bankr. P. 9020 in the bankruptcy case. The claim for abuse of process will not be dismissed.

A separate order will enter.

# # #